**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Chapter: 11 |
| CHRISTY A. THOMAS | Case No. 22-09817 |
| Debtor(s) | Judge:  Deborah L. Thorne |

<u>**NOTICE OF MOTION**</u>

TO:  See attached list

      **PLEASE TAKE NOTICE** that on **May 25, 2023 at 9:30 a.m.**, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom **682,** of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the motion of Debtor to Alter or Amend a Judgment, and vacate said order, pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, a copy of which is attached. (**_Set for 9:30 as status hearing is set for that time)._**

      **All parties in interest, including the movant, may appear for the presentment of  the motion either in person or electronically using Zoom for Government (audio only).**

      **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

      **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **160 9362 1728**, and the passcode is (**NO PASSCODE**). The meeting ID and passcode can also be found on the judge's page on the court's website.

      **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.


By: /s/ J. Kevin Benjamin
Benjamin Legal Services
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100
ARDC #: 6202321
attorneys@benjaminlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify that pursuant to Local Rule 9013-1(D)(4), and in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System, that on **May 18, 2023** I caused a copy of the foregoing *Notice of and Motion for entry of an Order (I) to Alter or Amend a Judgment, and Vacate said Order*, pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023; and *(II) Granting Related Relief*, to be filed and served on all parties identified as Registrants through the Court's Electronic Notice for Registrants.

By: /s/ J. Kevin Benjamin
Attorney for the Chapter 11 Estate

### Notice will be electronically mailed to:

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Dana N O'Brien on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
dana.obrien@mccalla.com,  NDistrict@mccalla.com, mccallaecf@ecf.courtdrive.com

Todd J Ruchman on behalf of Creditor JPMorgan Chase Bank, NA
amps@manleydeas.com

Toni Townsend on behalf of Creditor JPMorgan Chase Bank, National Association
NDistrict@mccalla.com, mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of Creditor JPMorgan Chase Bank, National Association
kinnera.bhoopal@mccalla.com,  mccallaecf@ecf.courtdrive.com

All of whom were served electronically via the ECF System

### Bankruptcy Rule 7004

**JP Morgan Chase Bank** is represented by its authorized agents, attorneys Dana O'Brien, Todd Ruchman, Toni Townsend and Kinnera Bhoopal, including their two law firms, Manley Deas and McCalla, and thus Bankruptcy Rule 7004 has been satisfied and no direct mail to JP Morgan Chase Bank is required.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Chapter: 11 |
| CHRISTY A. THOMAS | Case No. 22-09817 |
| Debtor(s) | Judge: Deborah L. Thorne |

**MOTION TO ALTER OR AMEND AND VACATE THE**
**MAY 10, 2023 ORDER OF THE COURT AND GRANT ANY RELATED RELIEF**

NOW COMES *Christy Ann Thomas* (collectively the "Debtor" or "Movant"), and who hereby moves this honorable Court for the entry of an order altering or amending the May 10, 2023 order of this court sustaining JP Morgan Chase's Objection to Confirmation, (the "Order"), [**Dkt. No. 65**], entered in the above referenced matter, to vacate said Order pursuant to Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023, and grant any related relief, (the "Motion"). In support of this Motion the Movant respectfully states to the Court as follows:

### I.    JURISDICTION

1.    The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334; Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, (the "Court").

### II.    CORE PROCEEDING

2.    This is a core proceeding within the meaning of 28 U.S.C. §157 (b), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the

Movant consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

### III.   VENUE

3.      Venue  is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.   AUTHORITY IN SUPPORT OF RELIEF

4.      Judicial orders may be vacated pursuant to Bank. R. Fed. P. 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, permits a new trial or an alteration of or amendment to a judgment.

5.      Rule 59(e) allows a motion to alter or amend a judgment to be filed within 28 days of the judgment. In bankruptcy practice, the time limitation for filing a motion to alter or amend a judgment under Fed. R. Bankr. P. 9023 is "no later than 14 days after entry of judgment." Fed. R. Bank. P. 9023. In all instances, the time frame is less than or equal to the time within which an appeal may be filed regarding the relevant judgment.

6.      Thus, any motion filed within 14 days of the entry of an order alleging error will be construed as a "Motion to Alter or Amend Judgment" within the purview of Bankruptcy Rule 9023 and, by incorporation, Federal Rule of Civil Procedure 59(e).

7.      Here Movant's Motion to vacate is filed within 14 day from the entry of the Order related JP Morgan Chase's objection to confirmation in this instant matter. Therefore, Bank. R. Fed. P. 9023 relief is available to Movants related to the Order and this Motion.

8.      A motion for reconsideration is to be treated as a motion under Rule 9023, rather than, for example, a motion under Rule 9024 . . . , since it draws into issue the correctness of the trial court's decision. 10 Lawrence P. King et al., Collier On Bankruptcy ¶ 9023.04, at 9023-6 (15th ed. rev. 2004).

### Applicable Standard

9.     Movant seeks reconsideration of the Order pursuant to Fed. R. Civ. P. 59(e). "While Rule 59(e) does not set forth any specific criteria, the courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)); see also Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

### Threshold of Proof For Rule 59 Motions

10.     In contrast to a Rule 60(b) motion, which authorizes a court to grant relief to a party from a final judgment for certain enumerated reasons such as excusable neglect or fraud, and which is considered an "extraordinary remedy and is granted only in exceptional circumstances." Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005) (quotation marks omitted), a Rule 59(e) motion requires a lower "threshold of proof" and is not considered an extraordinary remedy. Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995); see also Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "more liberal standard of Rule 59(e)" from the "exacting standard of Rule 60(b)"). Under a Rule 59 motion, a movant need only "clearly establish" grounds for relief. Harrington, 433 F.3d at 546.

### Court's Discretion To Grant or Deny This Motion

11.     Since specific grounds for  a motion to amend or alter are not listed in Rule 59, the district court enjoys considerable discretion in  granting or denying the motion. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694  (M.D. Fla. 1994).  In the 7th Circuit the

decision to grant or deny a Rule 59(e) motion is left to the sound discretion of the court. In re

Prince, 85 F.3d 314, 324 (7th Cir. 1996).

### Effect of Motion For Relief From Order

12.    Any motion that draws into question the correctness of the judgment is

functionally a motion under Rule 9023, whatever its label. Thus, a motion to 'reconsider,' 'for

clarification,' to 'vacate,' to 'set aside' or to 'reargue' is a motion under Rule 9023, and under

Bankruptcy Rule 8002(b) will postpone the time for appeal if the motion was timely made.

13.    Fed. R. Bank. P. 8002(a) establishes a 14-day period to appeal the Order entered

May 10, 2023.  However, under Fed. R. Bank. P. 8002(b) a motion for relief from said Order

filed timely tolls that period until such time as an order is entered disposing of the last motion

outstanding. Further under Fed. R. Bank. P. 8002(b)(2) relates to Fed. R. Bank. P. 9023 and

motions related to said rule as a basis to toll the appeal period.

### Final And Appealable Order

14.    An order denying reconsideration of the Order Denying the Section 59(e) Motion

are final, appealable orders. See In re Bank of New England, 218 B.R. at 646; Camacho v. Doral

Financial Corp. (In re Camacho), 361 B.R. 294, 298 (1st Cir. BAP 2007) (explaining that an

order denying reconsideration is appealable if the underlying order was final and, if together, the

order denying reconsideration and the underlying order was final and, if together, the order

denying reconsideration and the underlying order end the litigation on the merits).

### Brief History

### Lot 1 and Lot 2 and Legal Description Discrepancies

15.    The principal residence is located at 61 George Street, Grayslake, IL. 60030 (the

"residence"). At one time the address was 57 George Street it has been changed to 61 George

Street.

16.    Lot 1 has a property identification number (PIN) of 06-27-413-**022**-0000. This is the principal residence Lot.

17.    Lot 2 has a property identification number (PIN) of 06-27-413-**023**-0000. The address for Lot 2 is 0 George Street, Grayslake, Illinois. Debtor asserted that this is a separate buildable lot and not part of the residence.

18.    _Lot 1 has a legal description of_:

Lot 1 in Dean G. Thomas Resubdivision, being a resubdivision of Lots 1 and 2 in Gerald Thomas Resubdivision, being a subdivision in the Southeast Quarter of the Southeast Quarter of Section 27, Township 45 North, Range 10, East of the Third Principal Meridan, According to the Plat of said Dean G. Thomas resubdivision, recorded June 25, 1999, as document Number 4377029, in Lake County, Illinois

And Lot 1 legal description includes the address as

57 George Street (which is now 61 George Street)
(Tax assessment records indicate the address as 57 George Street)

19.    This legal description is supported by Plat of survey that was included in the exhibits Debtor filed in response.

20.    _Lot 2 has a legal description of_:

Lot 2 in Dean G. Thomas Resubdivision, being a resubdivision of Lots 1 and 2 in Gerald Thomas Resubdivision, being a subdivision in the Southeast Quarter of the Southeast Quarter of Section 27, Township 45 North, Range 10, East of the Third Principal Meridan, According to the Plat of said Dean G. Thomas resubdivision, recorded June 25, 1999, as document Number 4377029, in Lake County, Illinois

21.    This legal description is supported by Plat of survey that was included in the exhibits Debtor filed in response.

22.    0 George Street came into existence at the time of Recording Date of Dean G. Thomas Resubdivision with the Lake County Recorder. Document Number: 4377029. Recording Date: June 25, 1999.

23.    _The Final Plat of Survey has a legal description of_:

LEGAL DESCRIPTION OF FINAL PLAT - DEAN G. THOMAS RESUBDIVISION AS RECORDED ON JUNE 26, 1999

Final Plat of Dean G. Thomas Resubdivision - recorded Document No. 4377029.

Lots 1 and 2 in Gerald Thomas' Resubdivision, being a resubdivision of part of Blocks 3 and 4 in Palmer's Addition to Grayslake, being a subdivision in the Southeast Quarter of Section 27, township 45 North, Range 10, East of the Third Principal Meridian according to the Plat thereof Recorded August 1, 1989 as Document number 2822797, in Lake County, IL. - *Doc numbers were incorrect. See above doc numbers.*

24.    Chase claims the legal description as:

Lots 1 and 2 in the Dean G. Thomas Final Plat of Resubdivision, being a subdivision of Lots 1 and 2 in Gerald Thomas/ Resubdivision, being a resubdivision of part of Block 3 and 4 in Palmer's addition to Grayslake, being a subdivision in the Southeast ¼ of the Southeast ¼ of Section 27, Township 45 North, Range 10, East of the Third Principal Meridan, According to the Final Plat of said Resubdivision, thereof recorded June 25, 1999, as document Number 4377029, in Lake County, Illinois

PIN #'s 06-27-413-022-000  & 06-27-413-023-0000

25.    Chase mortgage documents use their legal description and claim that legal description contains both Lot 1 and Lot 2 by indicating on it that PIN #'s 06-27-413-022-000 & 06-27-413-023-0000 are included in the legal description that secure the mortgage.

26.    Chase cannot provide a PIN No. for the Property that matches the legal description they that put into the mortgage, because it does not exist.

27.    Each Lot has its own legal description because they are separate parcels. Where Chase would have you believe there is one parcel with one legal description that contains two lots, but that is not the case.

## V.    ARGUMENT

**The Court Relied On The False Legal Description Of Chase Which Incorrectly Tried To Make 2 Lots Into 1 Lot But They Have been Separate Lots for 34 years**

28.    Attached hereto as **Exhibit No. 1** is a copy of recorded document 4377029 for Dean G Thomas Plat of Resubdivision ("Final Plat").  Document 4377029 was recorded 23 years

ago and the legal description describes the resubdivision of Lots 1 and 2 in Gerald Thomas Resubdivision Doc 2822797. Document 2822797 was recorded 33 years ago.

29.    The legal description on the recorded Document 4377029 for Final Plat of Dean G. Thomas is the correct legal description of the property as it was 23 years ago.  Chase legal description does not match any recorded documents.

30.    Chase legal description attempts to make 2 Lots into one.

31.    The legal description differs from the actual legal description as provided by the attached recorded Final Plat in several ways.

32.    Chase's legal description adds "Lots 1 & 2 in Final Plat of Dean G. Thomas Resubdivision" at the beginning of the legal description and Chase changes Dean G Thomas Plat of Resubdivision to a Subdivision.

33.    Chase uses the incorrect document number for the legal description of Dean G. Thomas Final Plat of Resubdivision.  Doc 2822797 is the correct document for the Legal description of Dean G Thomas Final Plat of Resubdivision.  Doc 4377029 is the actual document with the correct legal description.

34.    Chase adds two Pin Numbers (Lot 1 022 pin and Lot 2 023 pin) to the Chase legal description and claims that the primary residence is on both Lots 1 & 2. This is incorrect.

35.    Chase did not provide any tax assessments, recorded Plats, or Surveys filed at the Lake County Recorder's office that validate Chase Bank's legal description or Pin number from Lake County Assessor's office to validate Chase Banks legal description, to support their claim even though the burden of proof is on them to do so as was set forth in the Response by Debtor.

36.    Regarding Lots 1 & 2 in the Dean G. Thomas Final Plat of Resubdivision - *Chase's legal refers to the Final Plat of Resubdivision - the actual document 4377029 was*

*recorded on June 26, 1999. The Dean G. Thomas Resubdivision resubdivided the Gerald Thomas Resubdivision*) at that time.

37.     The Dean G Thomas Final Plat is a re-subdivision not a subdivision of Lots 1 & 2 in Gerald Thomas Resubdivision as Chase legal States and Gerald Thomas Resubdivision was recorded on August 21, 1989 as Document 2822797) making 2 lots in existence for 34 years.

38.     Regarding Lots 1 & 2 in the Dean G. Thomas Final Plat of Resubdivision, Chase's legal falsely refers to it "*being a subdivision of Lots 1 & 2 in Gerald Thomas Resubdivision*", and further states it was recorded June 25, 1999. But it's not a subdivision, since the Gerald Thomas Resubdivision did not occur until June 26, 1999.

39.     Chase relied on what appears to be a made up and invalid legal Description, GIS satellite images and Dictionary definitions to support an invalid Legal description and perhaps an Altered Mortgage.  Chase even disregarded the Lake County Disclaimer on the GIS image.

40.     The disclaimer, in Chase's Exhibit E Aerial Map which was used by Chase to claim the Residence was over the property line,  states "*A Registered Land Surveyor should be consulted to determine the precise location of property boundaries.*"  They aerial photo is not evidence of anything.

41.     Using a dictionary definition to describe Lot 2 as a backyard and Chase claiming the GIS satellite images from who knows how far above the Earth showed the Principal Residence over the Property Line in the image is not meet the burden of proof standard required by Chase.

42.     All that was required to determine the correct legal description for Lot 1 in Dean G Thomas Resubdivision &  Lot  2 in Dean G. Thomas Resubdivision was to refer to  the Final

Plat, Document No. 4377026. GIS Satellite images, dictionary definitions or fabricated invalid Legal Descriptions are not needed to come to this obvious conclusion.

43.     The attached document from a Registered Illinois Land Surveyor shows exactly where the Debtor's Primary Residence is shown on Lot 1 and appended hereto as **Exhibit No. 2.**

### Status Of Lot 1 & Lot 2 Have Not Changed They Are Still Separate

44.     The Order says the status of both lots have not changed and therefore the status as of the petition date does not help Debtor because the status of the property has not changed.

45.     The status of Lot 1 and Lot 2 have not changed since the time Dean G. Thomas resubdivision was recorded at the Lake County Recorder's office in June of 1999.

46.     Lot 1 has always been Debtors principal residence that is true. However, Lot 2 has always been real estate owned by Debtor and the status has not changed for Lot 2 per the Dean G. Thomas Plat of Re-subdivision since 1999. They have always been separate legal parcels.

47.     Attached  as **Exhibit No. 3** is a Plat of Lot 1 showing Driveway and Backyard for Lot 1.   It previously was Exhibit No. 2 in Debtors Response but with some redlines to make it more clear to where the backyard and driveway of the residence actually is.

48.     The statement that Lot 2 is a driveway and backyard for Lot 1 is definitely an erroneous assumption and is not supported by any of the recorded legal documents. The aerial photo used by Chase, from thousands of miles in the sky, does not actually show the real backyard and driveway.

49.     The driveway and backyard described as incidental property in Debtor Response is the driveway and backyard located on Lot 1. Debtor never admitted to anything related to Lot 2 as the order suggested.

50.    The Lot 2 driveway is for Lot 2. Lot 1 driveway extends to the edge of Lot 2. Lot 2 does not have a backyard. A single family home on Lot 2 would define the side, rear, front and backyards.

51.    Lot 2 has separate Pin Number, Legal description and Address - 0 George Street.

52.    So, the Order is correct that the status of the property has not changed, that is the point. They were always separate property. They still are separate property. Thus, the correct misapplied the facts.

53.    The mortgage documents securing the property that list Lot 1 and Lot 2 under one legal descriptions (and one that does not exist) does not change the status of the two separate legal Lot parcels.

**Debtor Is Not Now Separating Lot 2 From Lot 1 To Modify The Mortgage**

54.    The Order states that "Debtor cannot now separate Lot 2 from the Property to modify the mortgage which always contained Lot 2".

55.    However, the facts show Lot 1 and Lot 2 were always separate and never have formed Debtors principal residence.

56.    Further, Document 4377029, the Final Plat, validates this statement because there have been Lot 1 and Lot 2 in existence since June of 1999.

**Separate Addresses Are Relevant**

57.    Chase relied on an invalid legal description that does not match up with any legal description recorded with the Lake County Recorder's office or PIN No's at the Lake County Recorder's office and claimed there was no separate address because the U.S. Postal service site did not indicate one, and the Order seemed to agree.

58.    However, Lot 2 is not a backyard and never will be. Lot 1 has a side yard on the South Property line with Lot 2. The Lake County Assessor assigns property addresses not the post office.

59.    Chase's attorney was misled by the photographic image generated by the Lake County Website and based their position of the house on Lot 1 being over Lot 1 south lot line and not on a Plat of Survey drafted by a Register Land Surveyor that positions the house on Lot 1 within the required setbacks.

60.    Lake County disclaimer on the printed map warns that a Register Land Surveyor should be consulted to determine the precise location of property boundaries on the ground.

61.    Chase did not provide any recorded plats or surveys filed at the Lake County Recorder's office that validate Chase Bank's legal description or Pin number from Lake County Assessor's office to validate Chase Banks legal description.

## Debtors Exhibits Do Not Show The Driveway To The Home Is On Lot 2

62.    Debtors exhibits show the driveway, garage and side front and rear yards on are on Lot 1. A larger version of what was filed as exhibit 2 Plat of Survey is attached and highlighted for easier reading and is attached hereto as **Exhibit No.'s 2 and 3**.

63.    This Survey shows the Lot 1 backyard and driveway that Debtors Response indicated would be incidental property. The Backyard is defined in Red and it located left of the residence behind the residence and includes the brick patio as defined in the Plat. That is incidental property but that is on Lot 1.

64.    The Plat also clearly shows the driveway on the Plat – to the right of the home and says "driveway" in red and is clearly with the boundaries of Lot 1. This is the driveway that is incidental property as stated in Debtors response, NOT Lot 2.

65.    The Plat further clearly shows there is a driveway on Lot 2. But this is an additional driveway, a separate driveway, and the driveway for Lot 2 only (the Brick Driveway that is clearly on Lot 2). It is close to the driveway on Lot 1 but there are two driveways. One for Lot 1 (incidental property) and one for Lot 2 which is not incidental property and was never stated to be incidental property in the Response.

66.    As far as Driveway for Lot 1, there is no requirement that Lot 1 requires a driveway.  There is no easement granted for Lot 1 to use Lot 2 as driveway, and the driveway for Lot 2 is the Access to Lot 2 only.  Since there is no easement, the Driveway on Lot 2 is not incidental property to Lot 1.

**It Is Not Clear All Parties Understood Debtors Primary Residence Included Both Lots**

67.    Page 3 of Order Sustaining Chase Objections got the address for Lot 1 correct - 61 George Street…and the residence on Lot 1. (Tax bills support the address and the Legal Description for Lot 1 as Debtor's Principal Residence)  The Appraisal documents do not list a Lot 2 because Debtor's primary residence is on Lot 1.

68.    The Order referenced the "Debtors property appraisal" which Chase allegedly relied on when deciding to extend the loan listed one address. Further the Order makes the incorrect assumption that when the Thomas's first applied for the loan they intended for both lots to be their principal residence.

69.    First the appraisal was not the Debtors, it may have been paid for by the Debtor for the refinance but it is Chase's appraisal, they ordered it.

70.    That appraisal did not list a Lot 2 because Debtor's primary residence is on Lot 1.  Further Debtor always contended that their original loan documents only contained Lot 1, that is why Lot 2 is not referenced.  Debtor always claimed Chase altered the documents before

14

recording, and they never intended for both lots to be their principal residence. That is a mistaken assumption.

71.    The mortgage the Debtors signed is appended hereto as **Exhibit No. 4** (See page 4 of this exhibit) and **Exhibit No. 5** (see page 3 of this Exhibit) is the mortgage as was altered by Chase before Chase recorded it. Chase hand wrote in PIN 023 (Lot 2) and recorded it to thus secure the mortgage with additional separate property. But Lot 2 (pin 023) has its own legal description and the legal description in the mortgage is false but when Chase recorded it they effectively secured additional property.

72.    **Exhibit No. 6** shows Chicago Title Insurance Company letter reports on each lot. Each letter is for each separate parcel. Page 1 of each letter has a section C showing history of liens. You can see Lot 1 (the residence with PIN 022) was first used as security by Chase for $103,000 but Lot 2 (the buildable lot with PIN 023) was not secured by Chase in the original financing.

73.    The Order indicated the court believed the current loan was the original loan but it is not. It was a refinancing.  A refinancing of Lot 1 which did not involve lot 2.

74.    But you can see the exhibit shows BOTH lots were then secured by the refinanced loan by the mortgage dated March 28, 2008, the current mortgage at issue.

75.    The Thomas's refinanced the property by meeting with a Chase representative in a parking lot of a shopping center. They only intended to refinance Lot 1 as indicated by the original mortgage attached which only had the 022 pin on it. Chase then handwrote the number ("023) next to it and recorded it. This was done without the consent or authorization of the Thomas's. Thus, it is clear they never intended to allow Lot 2 to be used as security just like they had NOT used it to secure the original loan that was being refinanced. Chase never used Lot 2 in the original financing because it was separate property.

76.     But the issue at hand is what is relevant AT THE TIME OF THE FILING OF THE PETITION. Therefore, the Response did not waste time getting into an issue of whether the documents were altered.

77.     At the time of the filing of the petition the property is secured by 2 Lots. The Response clearly showed the operative date to be the petition date and the Order itself acknowledges the Petition date as the operative date.

78.     Therefor the purported original appraisal is irrelevant.

79.     To the extent the Order was based upon the original appraisal or what address was listed has no bearing on the current issue. As the petition date there are more than one address and PIN No., separate legal descriptions and tax obligation, and the Order was not based upon this fact. In fact, it appears to be based on the opposite, on the time the mortgage was issued, not what is relevant as of the petition date, and that is contrary to the law in this district and contrary to the Order which acknowledges the operative time period as being the petition date.

80.     To this extent the Order was based upon the wrong facts and incorrect interpretation of the law and should be vacated.

81.     Movant requests reconsideration of the Order, based upon the following specific grounds: (a) the need to correct clear manifest error in fact or law; and (b) to prevent manifest injustice. Debtor sets forth that proper grounds and errors of law and fact exist that have caused manifest injustice against the Movant, and such errors relate to evidence and legal arguments that were already part of the record and pleadings leading to the courts entry of the Order, and that the court has patently misunderstood Movant in relation to the facts and circumstances alleged in the Motion and other facts in the record that led the court to enter the Order against Movant.

82.     Bankruptcy Rule 9017 provides that the Federal Rules of Evidence apply in bankruptcy cases. And Bankruptcy Rule 9014(d) provides that "testimony of witnesses with

respect to disputed material factual issues shall be taken [in contested matters] in the same manner as testimony in an adversary proceeding."

83.    Thus, in the alternative the Court should hold an evidentiary hearing.

**WHEREFORE**, Movant respectfully requests that the Court enter the attached proposed order: (a) granting this Motion; (b) Altering or Amending the May 10, 2023 Order sustaining the objection of JP Morgan Chase by Vacating the Order; (c) denying Chase's objection to confirmation, (d) in the alternative set this matter for an evidentiary hearing on the relevant issue(s) and (e) such other and further relief as the nature of this case may require as is just and appropriate under the circumstances.

Dated this 18th Day of May, 2023                    Respectfully submitted,

**CHRISTY ANN THOMAS**
**(Debtor and Debtor in Possession)**

By: /s/ J. Kevin Benjamin
Attorney for the Chapter 11 Estate

J. Kevin Benjamin, Esq.
(ARDC #: 6202321)
Theresa S. Benjamin, Esq.
(ARDC #: 6230425)
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100