IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: 22-09817 |
| | ) | |
| CHRISTY A. THOMAS, | ) | CHAPTER 11 |
| | ) | |
| | ) | JUDGE: DEBORAH L. THORNE |
| Debtors. | ) | |

## NOTICE OF MOTION

TO: See attached list

    PLEASE TAKE NOTICE that on November 07, 2023, at 10:00 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, in courtroom 682 at 219 S. Dearborn St., Chicago, IL 60604 and present the motion of JPMorgan Chase Bank National Association to Bar Certain Evidence and Testimony, a copy of which is attached.

    If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

McCalla Raymer Leibert Pierce, LLC

*/s/ Phil Schroeder*

Phil Schroeder
ARDC# 6302950
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

## **CERTIFICATE OF SERVICE**

      I, the undersigned Attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on November 02, 2023, at 5:00p.m.

*/s/ Phil Schroeder*
Phil Schroeder

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 11/02/2023 a true and correct copy of the foregoing was served by U.S. Mail, First Class to:

Christy A. Thomas
61 George St
Grayslake, IL 60030-1536

and those parties receiving CM/ECF service:

J Kevin Benjamin, Esq.
Benjamin Legal Services PLC
1016 W. Jackson Boulevard
Chicago, IL

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

By:   */s/ Phil Schroeder*
      Phil Schroeder

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: § | |
| § | Judge: Deborah L. Thorne |
| Christy A. Thomas, § | Case No.: 22-09817 |
| § | Chapter: 11 |
| § | |
| Debtor. § | |

### CHASE'S MOTION TO BAR CERTAIN EVIDENCE AND TESTIMONY

Now Comes JPMorgan Chase Bank National Association (hereinafter "Chase"), by and through its attorneys, McCalla Raymer Leibert Pierce, LLC, and for its Motion to Bar Certain Evidence and Testimony, which seeks to contest the enforceability of the Mortgage as a valid lien on the entirety of the Subject Property owned by the debtor, states as follows:

1.  On August 29, 2022, the above captioned petition was filed under Chapter 11 of the Bankruptcy Code.  Chase services the first mortgage lien, recorded on April 8, 2008 as Document 6329426 (the "Mortgage"), which encumbers the property located at 61 George Street, Grayslake, Illinois (the "Subject Property").  The Subject Property consists of a Lot 1 and a Lot 2.

2.  On May 10, 2023, this Court entered an order sustaining Chase's objection to confirmation and found that the operative issue is whether Chase's claim is secured only by a security interest in real property that is the debtor's principal residence.  In other words, whether the entirety of the Subject Property (both Lot 1 and Lot 2) is the debtor's principal residence, and more specifically whether Lot 2 is considered "incidental property."  Incidental property includes "property commonly conveyed with a principal residence in the area where the property is located." 11 U.S.C. § 101(27B).  See, 5/10/23 Order, Doc 65.  In making its ruling, this Court found that both Lot 1 and Lot 2 were part of the debtor's principal residence and therefore the anti-

modification provision of 11 USC §1123(b)(5) prevents the debtor from cramming down Chase's loan.

3. Notwithstanding the request for *in rem* relief, the issue before this Court is solely whether Lot 2 is incidental property which will inform this Court's decision on how to apply the anti-modification provision.

4. However, the debtor dedicates much of its motion to amend the May 10, 2023 order arguing that the Mortgage does not encumber the entire Subject Property and/or the Mortgage is somehow fraudulent and unenforceable. Debtor also argues that Lot 2 is a separate unencumbered parcel of real estate known as 0 George Street, Grayslake, Illinois. See, Debtor's Motion to Amend, Doc 73.

5. These arguments by the debtor have been waived and are barred by the doctrine of judicial estoppel and the *Rooker-Feldman* doctrine for the reasons stated more fully below. It is also a curious argument because if, *arguendo*, it was allowed and accepted by this Court (which it should not be for procedural, jurisdictional and substantive reasons) it could result in a finding that the Mortgage only encumbers Lot 1 which would result in there being absolutely no dispute that only the principal residence is encumbered and that the anti-modification provision of 11 USC §1123(b)(5) prevents the debtor from cramming down Chase's loan. Debtor's new argument undercuts its own position. However, that has not dissuaded her from raising these new, unfounded and convoluted arguments regarding the enforceability of the Mortgage. These arguments, if nothing else, have delayed and hindered Chase from enforcing its Mortgage and proceeding with its state court foreclosure.

6. The issues of fraud in the origination of the Mortgage and whether the Mortgage encumbers the entire Subject Property was never raised by the debtor prior to its motion to amend

the May 10, 2023 order. In fact, in the debtor's response to Chase's objection to confirmation she plainly states that "Chase has secured two separate lot parcels" Lot 1 and Lot 2, that the Mortgage "clearly has both Lot 1 and Lot 2 as collateral," she concedes in her schedules that Chase's Mortgage encumber both lots, and her entire argument is premised on the fact that the Mortgage encumbers both Lots 1 and 2. See, Debtor's Response to Objection, Doc 60. Federal Rule of Civil Procedure 59(e) does allow the debtor to seek a modification or amendment to his Court's orders, however, the rule does not allow for new untested theories or arguments to be raised for the first time. As recently stated by the Supreme Court, under Rule 59, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020). As such, these new arguments have been waived and cannot now be raised by the debtor since she is unsatisfied with the Court's prior ruling.

7. Nonetheless, in the Joint Statement of Undisputed and Disputed Facts, the debtor continues to dispute whether both Lot 1 and Lot 2 are encumbered by the Mortgage and whether the legal description in the Mortgage encompasses the Subject Property.

8. These issues are not properly before this Court and debtor is barred from raising them.

9. The debtor should be barred from presenting any evidence or testimony to support arguments which were *not* raised prior to the entry of the May 10, 2023 order. This includes her theory about fraud in the origination of the mortgage and that the mortgage is not a valid lien on the entire Property, including both Lot 1 and Lot 2.

10. Not only are these arguments improper under Rule 59, but they are also barred under the doctrine of judicial estoppel.

11. The debtor and her husband, Dean Thomas, filed for Chapter 7 bankruptcy protection on January 14, 2010 in the Northern District of Illinois under case #10-01306. In their petition and schedules, they list total liabilities in excess of $20,000,000.00 and state under oath that the only real estate they owned is the Marital Residence located at 61 George Street, Grayslake, IL 60030 – the Subject Property. They also state that Chase's Mortgage is a first lien on the only real property they own, i.e. the Marital Residence located at 61 George Street, Grayslake, IL 60030. See, 2010 Bankruptcy Schedules (Exhibit A). Both the debtor and Dean Thomas were discharged of their debts on June 1, 2010. See, Discharge Order (Exhibit B). The debt discharged, accordingly their own disclosures, exceeded $20,000,000.00. Now, 13 years later, after having received the benefit of a substantial discharge, the debtor is claiming she owned additional real estate the entire time. Real estate that she failed to disclose when she filed for bankruptcy and received a discharge of her debts. All six appellate courts that have considered the question of whether judicial estoppel prevents this sort of practice have held that a debtor in bankruptcy who denies owning an asset cannot realize on that concealed asset after the bankruptcy ends. See, *Cannon-Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006). "The doctrine of judicial estoppel . . . operates to prevent a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding. . . . The purpose of the doctrine is to protect the integrity of the judicial process. It is typically invoked when a litigant tries to play fast and loose with the courts." *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010). Judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage" *New Hampshire v. Maine*, 532 U.S. 742, 751, 121 S. Ct. 1808, 1815, 149 L. Ed. 2d 968 (2001) (quoting *Scarano v. Cent. R. Co. of N. J.,* 203 F.2d 510, 512 (3d Cir. 1953).

12. The debtor cannot now claim that she owns real estate that is separate or distinguishable from 61 George Street, Grayslake, Illinois. Judicial estoppel prevents the debtor from arguing that Chase's Mortgage does not encumber the entire Subject Property or that she owns Lot 2 identified by her as 0 George Street, Grayslake, IL as a separate unencumbered parcel of real estate. This is precisely what the doctrine of judicial estoppel forbids.

13. Moreover, these arguments are barred by the *Rooker-Feldman* doctrine. See, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482-86 (1983)).

14. By raising these issues now and contesting the enforceability of the Mortgage, the debtor is impermissibly waging a collateral attack on the judgment already entered in the state court foreclosure. The judgment of foreclosure was entered in state court case, 2010 CH 3689 in Lake County, IL ("Foreclosure") on March 9, 2016. In that judgment, the state court found that Chase was entitled to judgment as a matter of law, the Mortgage was a valid and subsisting lien on the entire Subject Property which was described as 61 George Street, Grayslake, Illinois 60030 with tax parcel identification numbers are 06-27-413-022-0000 and 06-27-413-023-0000 and legally described as follows:

> LOTS 1 AND 2 IN THE DEAN G. THOMAS FINAL PLAT OF RESUBDIVISION, BEING A SUBDIVISION OF LOTS 1 AND 2 IN GERALD THOMAS' RESUBDIVISION, BEING A RESUBDIVISION OF PART OF BLOCKS 3 AND 4 IN PALMER'S ADDITION TO GRAYSLAKE, BEING A SUBDIVISION IN THE SOUTHEAST $\frac{1}{4}$ OF THE SOUTHEAST $\frac{1}{4}$ OF SECTION 27, TOWNSHIP 45 NORTH, RANGE 10, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE FINAL PLAT OF SAID RESUBDIVISION THEREOF RECORDED JUNE 25, 1999 AS DOCUMENT 4377029, IN LAKE COUNTY, ILLINOIS.

See, Judgment of Foreclosure at ¶¶ 3, 8-11 (Exhibit C).

15. Moreover, in the Foreclosure, the debtor admitted the Mortgage was a valid lien on the entire Subject Property and that the legal description was the same as the description stated in the complaint and the Judgment of Foreclosure. The debtor filed her amended answer in the Foreclosure which admitted these facts as true. See, Amended Answer (Exhibit D) and Foreclosure Complaint (Exhibit E). "The [debtor] has fallen victim to the well-settled rule that a party is bound by what it states in its pleadings. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them."" *Soo Line R. Co. v. St. Louis Sw. Ry. Co.,* 125 F.3d 481, 483 (7th Cir. 1997) (quoting *Keller v. United States,* 58 F.3d 1194, 1198 n. 8 (7th Cir.1995); also see, *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 37, 2 N.E.3d 1052 (Illinois state courts take the same position that the fail to deny an allegation is considered a judicial admission and will dispense with the need of submitting proof on the issue). Similar to her statement in her prior bankruptcy that she only owns the Subject Property which is encumbered by Chase's Mortgage, she cannot now contradict her admission made in the state court Foreclosure. See, *Berge v. Mader,* 2011 IL App (1st) 103778, ¶ 12, 957 N.E.2d 968, 972 (taking a similar view as federal court's on the application of judicial estoppel and stating that it "prevents a party who makes a representation in one case from taking a contrary position in another case. The clear intent and evolution of the law of judicial estoppel has been to preserve and protect the integrity of our system of justice. In other words, parties are prevented from manipulating and making a mockery of our courts.").

16. Not only did the state court make an express ruling in a final order that the Mortgage is a valid lien on the entire Property; but the debtor also admitted it.

17. In a foreclosure, the order approving the sale is the *final and appealable order* which fully disposes of all the issues in the case. *EMC Mortgage v. Kemp,* 2012 IL 113419, at

¶11. However, a judgment of foreclosure is a *final order* for purposes of applying the *Rooker-Feldman* doctrine because that order is final for the purposes of all the matters adjudicated within it. *Kyles v. Federal Home Loan Mortgage Corp*, No. 17 CV 1511, 2018 U.S. Dist. LEXIS 62691, at *7-9 (N.D. Ill. Apr. 13, 2018). As such, the matters adjudicated within the judgment of foreclosure entered on March 9, 2016 in the Foreclosure cannot be attacked by the debtor in this proceeding.

18.  This Court should preclude any evidence or argument by which the debtor seeks to challenge the validity or scope of the Mortgage or the legal description of the Subject Property as the *Rooker-Feldman* doctrine precludes federal jurisdiction over claims requiring review of state court decisions. *Steinhauer v. Elsner,* No. 12 C 01481, 2012 U.S. Dist. LEXIS 158092, *6 (N.D. Ill. November 5, 2012) (citing *Rooker,* 263 U.S. at 415-416; *Feldman,* 460 U.S. at 482-86 (1983)); *see also Byrd v. Homecomings Fin. Network,* 407 F. Supp. 2d 937, 942-943 (N.D. Ill. 2005). To accept the debtor's argument would be a direct attack on the judgment in the Foreclosure which would call into question its validity and the validity of any further orders entered in the state court Foreclosure.

19.  Importantly, the *Rooker-Feldman* doctrine applies to deny subject matter jurisdiction to federal courts not only for claims that directly challenge state court judgments but also for "claims that are inextricably intertwined with state court determinations." *Steinhauer* at *7 (citing *Feldman* at 482 fn 16). The *Rooker-Feldman* doctrine recognizes that, even if a state court decision is wrong, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker,* at 415. The federal district courts cannot review a state court civil judgment; only the United States Supreme Court may do that. *Harold v. Steel,* 773 F.3d 884, 886 (2014). Therefore, unless the claim is independent

from the state court judgment, the *Rooker-Feldman* doctrine bars jurisdiction. *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 603-04 (2008). The debtor's claim that the Mortgage is fraudulent or not a valid lien on the entire Property is inextricably intertwined to the judgment of foreclosure, summary judgment and the final adjudication made in the state court Foreclosure which found that Chase has a valid and enforceable mortgage against the entirety of the Subject Property.

20. Where the debtor now claims the Mortgage was obtained by fraud, that claim is "inextricably intertwined with the state court foreclosure judgment and is barred by *Rooker-Feldman*." *Sanchez v. OneWest Bank, FSB*, No. 11 CV 6820, 2012 U.S. Dist. LEXIS 99592, at *11 (N.D. Ill. July 18, 2012); *see also Mains v. Citibank, N.A.,* 852 F.3d 669, 676 (7th Cir. 2017) (affirming dismissal of claims under *Rooker-Feldman* where their "foundation of the present suit is his allegation that the state court's foreclosure judgment was in error because it rested on a fraud perpetrated by the defendants").

21. The debtor may claim that her fraud argument is not barred because she never raised this issue in the state court foreclosure. However, the debtor has certainly had plenty of opportunities to raise these issues in the now 13-year-long state court action. Where a plaintiff "could have raised the issue in state court proceedings," the *Rooker-Feldman* doctrine bars the claim in federal court. *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004).

22. Raising issues in federal court that essentially amounts to a challenge to the state court's judgment is prohibited by the *Rooker-Feldman* doctrine. This is precisely what the debtor is doing by challenging the validity of the Mortgage. The debtor's argument is dependent on this Court finding error with the determination made in the Foreclosure that the mortgage is valid and enforceable. Debtor's new arguments are therefore inextricably intertwined with the state court Foreclosure and invite conflict with the final adjudication made by the state court. As such, the

*Rooker-Feldman* doctrine precludes federal jurisdiction over these arguments and there should be no evidence allowed which seeks to challenge the validity of the Mortgage as a lien on the entire Subject Property.

23. The issue before this Court is whether Lot 2 is incidental property; not whether the Mortgage is a valid lien on the Subject Property.

WHEREFORE JPMorgan Chase Bank National Associations prays for an Order which bars the debtor from presenting evidence related to the enforceability of the Mortgage or which challenges the state court judgment and finding that the legal description and enforceability of the Mortgage on the Subject Property is not in dispute; and for such further relief as this Honorable Court deems just.

Respectfully Submitted,
JPMorgan Chase Bank National Association

By: /s/ Phil Schroeder
Its Attorney

Phil Schroeder (ARDC #6302950)
McCalla Raymer Leibert Pierce, LLC
1 N. Dearborn St., Suite 1200, Chicago, IL 60602
(312) 346-9088; phil.schroeder@mccalla.com
File 20-05248IL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 11/02/2023 a true and correct copy of the foregoing was served by U.S. Mail, First Class to:

Christy A. Thomas
61 George St
Grayslake, IL 60030-1536

and those parties receiving CM/ECF service:

J Kevin Benjamin, Esq.

Benjamin Legal Services PLC
1016 W. Jackson Boulevard
Chicago, IL

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

/s/ Phil Schroder
Phil Schroeder